## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HENRY X. RESTO-COLON,

      *Petitioner,*

   v.

S.C.I. CAMP HILL SUPERINTENDENT
KENDALL, et al.,

      *Respondents.*

CIVIL ACTION
NO. 25-6225

## <u>ORDER</u>

**AND NOW**, this 13th day of July, 2026, upon consideration of Petitioner Henry

X. Resto-Colon's Petition for Writ of Habeas Corpus (Dkt. No. 2), Respondent District

Attorney of County of Lehigh's Motion to Dismiss (Dkt. No. 11) and the underlying

state-court record (Dkt. No. 10), and after reviewing the Report and Recommendation

by United States Magistrate Judge José Raúl Arteaga (Dkt. No. 12), it is **ORDERED**:

    1.  The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1]    Where, as here, a petitioner fails to object to the Report and Recommendation, the district court should, as a matter of good practice, satisfy itself there is no clear error on the face of the record.  Fed. R. Civ. P. 72(b), advisory committee notes.  No clear error exists.

    Magistrate Judge Arteaga correctly held that Resto-Colon's petition is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 requires an inmate challenging a state conviction to file a federal habeas petition within one year after his state judgment becomes final.  28 U.S.C. § 2244(d)(1).  A state judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2241(d)(1)(A).  Thus, when a defendant appeals his conviction to the State's intermediate appellate court but not the State's highest court, his judgment becomes final when the time for seeking review with the highest court expires.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  Here, in August of 2019, a Pennsylvania state jury convicted Resto-Colon of, among other crimes, attempted homicide.  (State Court Record at 188, Dkt. No. 10.)  One month later, he was sentenced to a minimum of twenty-five years in prison.  (*Id.* at 223.)  The Pennsylvania Superior Court affirmed his conviction and sentence on March 30, 2021.  (*Id.* at 238.)  Because Resto-Colon did not appeal to the Pennsylvania Supreme Court, his judgment became final when the time for seeking review with that court expired.  In Pennsylvania, petitioners have thirty days after the entry of the order of the Superior Court to seek review in the Supreme Court.  Pa. R. App. P. 1113(a).  Resto-Colon's state judgment, therefore, became final on April 29, 2021, triggering AEDPA's one-year limitation period.

2. The Petition for Writ of Habeas Corpus (Dkt. No. 2) is **DISMISSED with prejudice**;

3. A certificate of appealability **SHALL NOT ISSUE**;[2] and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

AEDPA pauses this period only for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, Resto-Colon filed an application for state post-conviction review on January 5, 2022, the Pennsylvania Superior Court dismissed his application on January 25, 2023, and Resto-Colon did not appeal to the Pennsylvania Supreme Court, (State Court Record at 252, 292.) Accordingly, AEDPA's one-year limitation period started running again when his time for seeking review with the Pennsylvania Supreme Court expired—February 24, 2023.

Because Resto-Colon filed his application for state post-conviction review 251 days after his state judgment became final, as of February 24, 2023, he had 114 days, or until June 19, 2023, to file a federal habeas petition. *See* 1 Pa. Stat. and Cons. Stat. Ann. § 1908. But Resto-Colon moved for federal relief on October 22, 2025—856 days after June 19, 2023. Thus, his petition is untimely. And, as Magistrate Judge Arteaga explains, there is no reason to excuse his late-filed habeas petition. (R. & R. at 10–14, Dkt. No. 12.)

[2]    To appeal a final order in a habeas proceeding under 28 U.S.C. § 2254, a petitioner must obtain a certificate of appealability. A district court may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c). Where, as here, a court denies a habeas petition on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether" the procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate the Court's decision that Resto-Colon's habeas petition is untimely. (R. & R. at 15 n.9.)